IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOHN D. WALKER, § § **Plaintiff,** § § - vs - § § **STATE FARM LLOYDS,** § § **Defendant.** § | CASE NO. _____ |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW STATE FARM LLOYDS (hereinafter "State Farm"), Defendant, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.     PROCEDURAL BACKGROUND

1.     On July 17, 2023, John D. Walker ("Plaintiff") filed his Original Petition ("the Petition") in the County Court at Law #1 of Potter County, Texas, Cause No. 111651-1-CV ("the State Court Action") against Defendant State Farm Lloyds ("State Farm" or "Defendant").[1]

2.     On July 24, 2023, State Farm was served with process by serving registered agent Corporation Service Company ("CSC").[2]

3.     State Farm timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the County Court at Law #1, Potter County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division.

---

[1] *See* Plaintiff's Original Petition ("Pet."), Exhibit C. All of the filings from the State Court Action are attached hereto as Exhibits B–F.  The docket sheet for the State Court Action appears at Exhibit B.
[2] *See* Exhibit E.

## II. NATURE OF THE SUIT

4. This lawsuit involves a dispute over the alleged non-payment or under-payment of insurance benefits and the handling of Plaintiff's insurance claims for damages allegedly caused to the Plaintiff's property.[3] Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and common law fraud.[4]

## III. VENUE

5. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division encompass the place in which the removed action was pending, the State District Court of Potter County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

## IV. BASIS FOR REMOVAL

6. There is complete diversity among the parties properly joined to this suit and the amount in controversy exceeds $75,000.00.[5]

**A.** *Diversity of Citizenship*

7. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.[6] "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[7] Here, Plaintiff was, at the time this action commenced, and still is a citizen of the State of Texas. Plaintiff is a resident of Potter County, Texas.[8] Plaintiff does not allege that he has any intention of leaving Texas.[9] Therefore,

---

[3] *See generally* Pet., Exhibit C.
[4] *Id.* at ¶¶ 13-22.
[5] *Id.* at ¶¶ 4-5.
[6] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).
[7] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).
[8] *Id.* at ¶ 2.
[9] *See Id.*, generally.

upon information and belief, Plaintiff is domiciled in the State of Texas and for diversity purposes, Plaintiff is a citizen of Texas.

8.  At the time the civil action commenced, State Farm was not, and still is not, a citizen of the state of Texas. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom were, at the time this civil action was commenced and still are, citizens and residents of states other than Texas making State Farm a citizen and resident of states other than Texas for diversity purposes.[10] Therefore, the parties have complete diversity.

**B.  *Amount in Controversy***

9.  In the Petition, Plaintiff's Petition states he is seeking monetary relief of less than $250,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees in addition to treble damages and exemplary damages, which would easily exceed $75,000.00.[11] To determine the amount in controversy, in addition to policy limits and potential attorneys' fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—not just interest or costs.[12] Taking into account Plaintiff's pled damages range, the amount in controversy for Plaintiff's claims exceed the $75,000.00 threshold amount. Therefore, this action may be removed by State Farm pursuant to 28 U.S.C. § 1441(b).

---

[10] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).
[11] *See Pet.*, Exhibit C ¶ 4- 5.
[12] *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir.1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss.1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)).

## V. PROCEDURAL REQUIREMENTS

10. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| | |
|---|---|
| Exhibit A | Index of matters being filed; |
| Exhibit B | Potter County Docket Sheet listing pleadings filed in the State Court Action; |
| Exhibit C | Plaintiff's Original Petition, filed in the County Court at Law No. 1 of Potter County, Texas; |
| Exhibit D | Request of Issuance of Citation to State Farm Lloyds dated July 17, 2023; |
| Exhibit E | Notice of Service of Process dated July 24, 2023; and |
| Exhibit F | State Farm's Original Answer filed August 11, 2023. |

11. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing the same.

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the County Clerk for the County Court at Law #1 of Potter County, Texas, promptly after filing of same.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be justly entitled.

Respectfully Submitted,

[Signature on Next Page]

**DYKEMA GOSSETT PLLC**

By:*/s/ Michael Klein*
    Michael Klein
    State Bar No. 11563200
    mklein@dykema.com
    One Congress Plaza
    111 Congress Avenue, Suite 1800
    Austin, Texas 78701
    (512) 703-6300
    (512) 703-6399 (Fax)

    Tara S. Kern
    State Bar No. 24099283
    tkern@dykema.com
    DYKEMA GOSSETT PLLC
    Comerica Bank Tower
    1717 Main Street, Suite 4200
    Dallas, Texas 75201
    (214) 462-6400
    (214) 462-6401 (Fax)

**ATTORNEYS FOR DEFENDANT STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I certify that on the 16th day of August, 2023, a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to counsel of record:

C. Eric Vickers
Richard Daly
Daly & Black, PC
2211 Norfolk St., Suite 800
Houston, Texas 77098

**ATTORNEYS FOR PLAINTIFF**

    */s/ Michael Klein*
    MICHAEL KLEIN

4892-6927-5254.1